**MINUTE ENTRY**
**MILAZZO, J.**
**June 26, 2014**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NORTH SHORE LODGING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6070** |
| **COMMONWEALTH LAND TITLE INS. CO.** | **SECTION: "H"(5)** |

**MINUTE ENTRY**

On June 26, 2014 the Court held a final pretrial conference. Tom Huval participated on behalf of Plaintiff, and Sherman Boughton participated on behalf of Defendant. Due to a conflict in the Court's schedule, the Court **ORDERED** that the jury trial in this matter is **CONTINUED AND RESET** on July 28, 2014 at 8:30 a.m. The Court **DENIED** the pending Motion to Dismiss (Doc. 22) and the Motion to Stay (Doc. 52) for the reasons stated at the conference. The Court also **GRANTED IN PART** Defendant's Motion *in limine* (Doc. 43) as follows:

- Defendant requested that the Court exclude any evidence related to the manner in which other unrelated insurance claims are handled. The Court **GRANTED** this request. However, evidence of habit or routine practice under Fed. R. Evid. 406 will be permitted upon the laying of appropriate foundation.

- Defendant requested that the Court exclude an appraisal it conducted but does not intend to use and preclude Plaintiff's expert from offering a critique of the appraisal.

1

> The Court **GRANTED IN PART** this request. Plaintiff will be permitted to introduce evidence of the appraisal to the extent it is relevant to the claim handling time-line. However, Plaintiff will not be permitted to offer extrinsic evidence related to the competency of the appraisal unless testimony at trial opens the door to such evidence.

- Defendant moved to exclude a document on hearsay grounds and argued that Plaintiff cannot lay appropriate foundation for the business records exception. The Court deferred ruling on this objection until trial.

- Defendant moved to exclude testimony regarding the value of the Holiday Inn Express Franchise. To the extent that this evidence can be admitted following the appropriate foundation, the Court **DENIED** the request.

- Defendant moved to exclude any evidence of the failure of the title examiner to discover the servitude at issue. The Court **GRANTED IN PART** this request. The jury will be permitted to hear evidence regarding the fact that the servitude was not discovered prior to the sale. However, any arguments that the failure is relevant to the manner in which Defendant handled the claim will not be permitted.

- Defendant moved to exclude any statements by a representative of Plaintiff that the property is unsuitable for other uses. The Court **GRANTED IN PART** this request. Plaintiff will be permitted to offer evidence that the property was not suitable for Plaintiff's intended purpose. Plaintiff will not be permitted to offer lay opinion testimony that the property was not suitable for *any* purpose.

- Defendant moved to exclude evidence of discussions between counsel for the parties regarding the appropriate dates to use for the appraisal. Plaintiff did not oppose this request. Accordingly, this portion of the Motion was **GRANTED**.

- Defendant moved to exclude some testimony of certain witnesses on hearsay grounds. The Court **GRANTED IN PART** this request. No inadmissible hearsay testimony will be permitted.

- Defendant moved to exclude any lay opinions regarding the interpretation of the insurance policy. The Court **GRANTED** this request.

- Defendant asked the Court to preclude Plaintiff from making arguments related to Defendant's size or assets. Plaintiff did not oppose this request. Accordingly, this portion of the Motion was **GRANTED**.

- Defendant asks the Court to preclude Plaintiff from asking jurors to put themselves in Plaintiff's shoes. Plaintiff did not oppose this request. Accordingly, this portion of the Motion was **GRANTED**.



(JS-10: 65)