UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORTH SHORE LODGING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6070** |
| **COMMONWEALTH LAND TITLE INS. CO.** | **SECTION: "H"(5)** |

## ORDER

Before the Court are two Motions to Exclude experts filed by Defendant (Docs. 23 & 24). For the following reasons, both Motions are DENIED. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The threshold inquiry is whether the expert possesses the requisite qualifications to render opinion on a particular subject matter. *Wagoner v. Exxon Mobil Corp.*, 813 F.Supp.2d 771, 799 (E.D.La.2011); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in

1

a particular field or on a given subject."). Having defined the permissible scope of the expert's testimony, a court next inquires whether the opinions are reliable and relevant. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the jury within that system. *See Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* As the "gatekeeper" of expert testimony, *id*. at 597, the trial court enjoys broad discretion in determining admissibility. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013).

Defendant first moves the Court to exclude Todd Boolos, a CPA retained by Plaintiff. Defendant argues that the Court should exclude the testimony of Mr. Boolos because of alleged credibility issues and because Mr. Boolos does not possess a Louisiana CPA license. Defendant does not dispute that Mr. Boolos is a licensed CPA in Mississippi or that Mr. Boolos passed the national CPA exam.[1] Defendant also raises some objections regarding Mr. Boolos' methodology. The Court has reviewed the submissions of the parties and finds that the objections raised by Defendant are more appropriately addressed on cross-examination. Accordingly, the Motion to Exclude Mr. Boolos is DENIED.

Defendant next moves to exclude James Mitchell, a licensed certified real estate appraiser. Defendant does not challenge Mr. Mitchell's qualifications. Instead, Defendant argues that Mr.

---

[1] The Court notes that Mr. Boolos did receive a reciprocal Louisiana CPA license on the basis of his license in Mississippi. That license is currently lapsed due to non-payment of dues, an issue unrelated to Mr. Boolos' qualifications as an expert.

Mitchell employed improper methodology in coming to his conclusions.  However, a close reading of Mr. Mitchell's report and that of Defendant's competing expert, Mr. Truax, reveals that Mr. Mitchell's methodology is not so improper as to render his opinions unreliable.  Rather, it appears that this matter presents a classic case of competing experts.  The jury, not the Court, should resolve this dispute.  Mr. Truax will be free to testify regarding his opinion of Mr. Mitchell's appraisal (and vice versa) and that parties will be free to vigorously cross examine the experts.  Such is the manner in which courts have traditionally resolved these disputes.  *See Daubert*, 509 U.S. at 596.  Accordingly, the Motion to Exclude Mr. Mitchell is also DENIED.

New Orleans, Louisiana, on this 1st day     of July, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE